UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Desmond E. Warren,                                          Case No. 1:17-cv-813

                Petitioner,

v.                                                          MEMORANDUM OPINION
                                                     AND ORDER

Ronald Erdos, Warden,

                Respondent.

## I.  INTRODUCTION

Petitioner Desmond Eric Warren seeks a writ of habeas corpus under 28 U.S.C. § 2254, concerning his conviction on charges of trafficking in persons, compelling prostitution, and promoting prostitution in the Cuyahoga County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge Kathleen B. Burke reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I dismiss the petition in part and deny it in part. (Doc. No. 8). Warren has filed objections to Judge Burke's Report and Recommendation. (Doc. No. 9). For the reasons stated below, I overrule Warren's objections and adopt Judge Burke's Report and Recommendation.

## II.  BACKGROUND

On October 6, 2014, a jury found Warren guilty of trafficking in persons, compelling prosecution, and promoting prosecution. The trial court subsequently sentenced Warren to fourteen years in prison and five years mandatory post-release control. (Doc. No. 6-1 at 36).

Warren must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. 28 U.S.C. § 2254(e)(1). He objects to Judge Burke's recitation of the state court's factual findings, arguing he has "present[ed] clear and convincing evidence contradicting the Eighth District's factual analysis where each witness testified that they were, in some way, not compelled to prostitute themselves." (Doc. No. 9 at 9). Warren does not offer any evidence that the state court's summary of the facts presented at trial – which quoted testimony from each witness in which the witnesses described alternately having willingly engaged in prostitution and believing they had no choice because of Warren's manipulative and violent behavior – was inaccurate. *Ohio v. Warren*, No. 102181, 2015 WL 5309433 at *1-4.

Therefore, I overrule Warren's objection to Judge Burke's recitation of the factual and procedural history of this case, leaving aside his related objection to the state court's conclusion that the evidence was sufficient to substantiate his convictions. I adopt those sections of the Report and Recommendation in full. (Doc. No. 8 at 2-9).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). "The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).

Warren pursues three grounds for relief:

**GROUND ONE**: Defense Counsel provided constitutionally ineffective assistance at trial by failing to properly instruct the jury on the elements of the offense of Trafficking in Persons and Compelling Prostitution.

**Supporting Facts**: Trial Counsel failed to include the statutory definition of "Compel" as it applies to Trafficking in Persons, omitting the statutory definition from the jury instructions and leaving "coerced" in its place. Counsel also failed to ensure that the instruction was complete. In parts of the jury instruction, the jury was not instructed to find each element of Trafficking in Persons. During deliberations, the jury asked for a definition of "compel" and did not receive the statutory definition. Instead, the Trial Court provided [a] substantially incorrect definition that lowered the State's burden of proof. The same errors in failing to define the word "compel" prejudicially affected the instruction on Compelling Prostitution. Each error lowered the burden of proof and thus cause[d] constitutional, prejudicial error.

**GROUND TWO**: Trial Court committed constitutional, plain error in failing to provide proper instruction on elements of Trafficking in Persons and Compelling Prostitution.

**Supporting Facts**: The Trial Court failed to include the statutory definition of "Compel" as it applies to Trafficking in Persons, omitting the statutory definition

from the jury instructions and leaving "coerced" in in its place. The Court also failed to ensure that the instruction was complete. In parts of the jury instruction, the jury was not instructed to find each element of Trafficking in Persons. During deliberations, the jury asked for a definition of "Compel" and did not receive the statutory definition. Instead, the Trial Court provided [a] substantially incorrect definition that lowered the State's burden of proof. The same errors in failing to define the word "compel" prejudicially affected the instruction on Compelling Prostitution. Each error lowered the burden of proof and thus cause[d] constitutional, prejudicial error.

**GROUND THREE**: Appellate counsel provided constitutionally ineffective assistance by failing to raise issues on appeal.

**Supporting Facts**: Appellate counsel provided constitutionally ineffective assistance by failing to raise issues on appeal that would otherwise cause reversal on direct appeal, namely the issues raised in grounds one and two of this petition.

(Doc. No. 1 at 5-9).

## A.   PROCEDURAL DEFAULT

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

Judge Burke recommends I conclude Warren's first and second grounds for relief are barred by the procedural default rule. Ground II is procedurally defaulted because Warren did not present it on direct appeal. (Doc. No. 8 at 14-15). Similarly, Ground I is procedurally defaulted because a defendant must include claims of ineffective assistance of trial counsel which are based on the record in the trial court in the defendant's direct appeal. (Doc. No. 8 at 13-14 (citing *Hill v. Mitchell*, 842 F.3d 910, 936 (6th Cir. 2016)).

Ohio Appellate Rule 26 permits a defendant to "apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Ohio App. R. 26(B)(1). A Rule 26(B) application "'cannot function to preserve' the underlying substantive claim" for federal habeas review. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (quoting *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)). Warren did not raise the claims contained in Grounds I and II on direct appeal, and the state appellate court rejected his Rule 26(B) application to reopen his appeal.

While Warren objects to Judge Burke's recommendation regarding Grounds I and II, (Doc. No. 9 at 9), those claims are procedurally defaulted and Warren may not raise them now unless he can established cause and prejudice to excuse his procedural default.

### B.  INEFFECTIVE ASSISTANCE OF COUNSEL

Judge Burke recommends I conclude Warren fails to show that the state court of appeals' analysis of his ineffective assistance of appellate counsel claim was unreasonable and therefore this claims lacks merit and cannot excuse Warren's procedural default of Grounds I and II. Warren objects to this recommendation, arguing there is a reasonable likelihood the outcome of his trial and his appeal would have been different if trial and appellate counsel had identified, and sought the correction of, the purported error in the jury instructions.

A defendant must show "his counsel's performance was deficient and that it prejudiced him" in order to prevail on an ineffective assistance of counsel claim. *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel's representation fell below an objective standard of reasonableness[,]' [while prejudice] means 'there is a reasonable probability that, but for counsel's unprofessional errors [i.e., deficient performance], the result of the proceeding would have been different.'" *Nichols*, 725 F.3d at 539 (quoting *Strickland*, 466 U.S. at 688, 694)).

5

When a defendant asserts an ineffective-assistance claim in a habeas petition, the petitioner must show "the state court's rejection of that claim was 'contrary to, or involved an unreasonable application of' *Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nichols*, 725 F.3d at 540 (quoting 28 U.S.C. § 2254(d)). Thus, the AEDPA mandates that a habeas court's review of the state court's ineffective-assistance analysis is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citations omitted).

The state appellate court concluded Warren's appellate counsel was not ineffective because the appellate court had concluded during Warren's direct appeal that there was sufficient evidence to establish "each and every essential element of the offenses of compelling prostitution and trafficking in persons, including the element of 'compelled,' . . . beyond a reasonable doubt." (Doc. No. 1-2 at 6-7). Appellate counsel's failure to challenge the jury instructions did not violate counsel's duty to render reasonable professional assistance, the court of appeals concluded, because such a challenge lacked merit. (Id.).

Warren argues the trial court's misstatement of the proper definition of "compel," and its repeated references to the incorrect definition, creates a systemic error which amounts to "a misdescription of the burden of proof." (Doc. No. 7 at 9 (quoting *Sullivan v. Louisana*, 508 U.S. 275, 281 (1993))). Jury instructions which fail to accurately describe the prosecution's burden of proving the defendant's guilty beyond a reasonable doubt "require automatic reversal." *Sullivan*, 508 U.S. at 282 (Rehnquist, J., concurring). The state appellate court, Warren contends, unreasonably applied controlling federal law when it failed to grant his Rule 26(B) due to appellate counsel's failure to challenge the deficient jury instruction. He also contends the court of appeals applied the wrong harmless-error standard.

6

A habeas petitioner is not entitled to relief based upon a claim that a jury instruction allegedly was incorrect under state law. *Scott v. Mitchell*, 209 F.3d 854, 875 (6th Cir. 2000) (quoting *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991)). The alleged error must violate federal law. *Estelle*, 502 U.S. at 68.

Though Warren no doubt is correct that the jury instructions did not define "compel" properly, his argument that these repeated errors lowered the prosecution's burden of proof is unavailing. The cases he cites in support of his argument expressly dealt with instructions which improperly defined the reasonable-doubt standard, or which implicitly or explicitly relieved the jury of the duty to find the prosecution have proven one or more elements of the offense beyond a reasonable doubt. *See, e.g., Sullivan*, 508 U.S. at 277 (reversing conviction due to use of jury instruction which suggested jurors must have higher degree of doubt to acquit defendant than the reasonable-doubt standard requires); *In re Winship*, 397 U.S. 358, 365 (1970) (rejecting use of preponderance-of-the-evidence standard rather than reasonable-doubt standard in juvenile proceedings); *Francis v. Franklin*, 471 U.S. 307, 313 (1985) (prohibiting use of "a mandatory presumption" that relieves the prosecution "of the burden of persuasion on an element of an offense").

Errors "in the instruction that defined the crime" are "trial error[s]," not "structural error[s]," and are analyzed under a harmless-error standard. *California v. Roy*, 519 U.S. 2, 6 (1996). In habeas proceedings, the proper harmless-error standard is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). A habeas petitioner is not entitled to relief based upon "a 'reasonable possibility' that the error was harmful," but only if "'the defendant was actually prejudiced by the error.'" *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (quoting *Brecht*, 507 U.S. at 637, and *Calderon v. Coleman*, 525 U.S. 141, 146 (1998)).

7

Warren cannot show he actually was prejudiced by the error in the jury instructions and, therefore, he cannot show the appellate court's ineffective-assistance conclusion was unreasonable.

The state court of appeals identified the appropriate due-process standard in its opinion rejecting Warren's assignments of error on his direct appeal: "The relevant inquiry then is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Ohio v. Warren*, 2015 WL 5309433 at *5 (citation omitted); *see also Coleman v. Johnson*, 566 U.S. 650 (2012) ("[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). This "deferential" standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

On Warren's direct appeal, the court of appeals described the record evidence and concluded there was sufficient evidence to permit a rational jury to find each of the essential elements of compelling prostitution and trafficking in persons, including the statutory definition of "compel," beyond a reasonable doubt. *Ohio v. Warren*, 2015 WL 5309433 at *7. Warren fails to show it would have been "objectively unreasonable" for appellate counsel to have drawn the same conclusion. *Woods v. Etherton*, 136 S.Ct. 1149, 1152 (2016).

Warren also objects to Judge Burke's conclusion that he failed to identify clear and convincing evidence that the state appellate court's factual determinations were incorrect. (Doc. No. 9 at 9). Warren, however, has not "contradict[ed] the Eighth District's factual analysis." (Id.). The state court of appeals accurately summarized the trial-court record, which included witness testimony that Warren's victims both chose to work for him and also believed they had no choice

8

but to work for him because of his use of threats, violence, and other means to maintain control over them. *Ohio v. Warren*, 2015 WL 5309433 at *1-4.

The necessary basis for Warren's factual argument is a presumption that a defendant must always and only compel his victims to engage in prostitution before the defendant may be convicted of compelling prostitution or trafficking in persons. Warren offers no case law in support of this presumption and Ohio law in fact disproves this presumption. *See, e.g., Ohio v. Brown*, --- N.E.3d ----, 2019 WL 1503789, at *7-9 (Ohio Ct. App., April 4, 2019) (denying defendant's sufficiency of the evidence and manifest weight of the evidence assignments of error where the evidence presented at trial established defendant's victims first engaged in prostitution of their own volition but then were compelled by defendant's conduct to continue working for defendant).

Warren must show more than that "reasonable minds reviewing the record might disagree with the state court's factual determination . . . ." *Carter v. Bogan*, 900 F.3d 754, 768 (6th Cir. 2018), cert. denied *sub nom. Carter v. Jackson-Mitchell*, No. 18-8682, 2019 WL 4921537 (U.S. Oct. 7, 2019). Section 2254(d)(2) "imposes a highly deferential standard" which requires that "the record must '*compel* the conclusion that the [state] court had no permissible alternative' but to arrive at the contrary conclusion." *Carter*, 900 F.3d at 768 (quoting *Rice v. Collins*, 546 U.S. 333, 341–42 (2006)) (emphasis and alteration in original). The state appellate court reached the permissible conclusion that the trial-court record contained sufficient evidence to support Warren's convictions.

Warren fails to show both the state court's trial-error and its ineffective-assistance conclusions were decisions "that [were] contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "that [were] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Therefore, I overrule his objections to Judge

9

Burke's analysis of Ground III of his habeas petition and to Warren's arguments seeking to establish cause and prejudice to excuse his procedural default of Grounds I and II.

## V. CONCLUSION

For the reasons stated above, I overrule Warren's objections, (Doc. No. 9), to Judge Burke's Report and Recommendation, (Doc. No. 8), and adopt the Report and Recommendation in full. I dismiss Grounds I and II as procedurally defaulted and Ground III as lacking merit.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge